**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 117771

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Sarah Werzberger, individually and on behalf of all others similarly situated, | Docket No: |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| vs. | JURY TRIAL DEMANDED |
| M.L. Zager, P.C., | |
| Defendant. | |

Sarah Werzberger, individually and on behalf of all others similarly situated (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against M.L. Zager, P.C. (hereinafter referred to as "*Defendant*"), as follows:

### INTRODUCTION

1.      This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA").

### JURISDICTION AND VENUE

2.      This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3.      Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4.     At all relevant times, Defendant conducted business within the State of New York.

## **PARTIES**

5.     Plaintiff Sarah Werzberger is an individual who is a citizen of the State of New York residing in Orange County, New York.

6.     Plaintiff is a natural person allegedly obligated to pay a debt.

7.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

8.     On information and belief, Defendant M.L. Zager, P.C., is a New York Professional Corporation with a principal place of business in Sullivan County, New York.

9.     Defendant regularly collects or attempts to collect debts asserted to be owed to others.

10.     Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

11.     The principal purpose of Defendant's business is the collection of such debts.

12.     Defendant uses the mails in its debt collection business.

13.     Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## **THE FDCPA AS IT RELATES TO THE CLAIMS HEREIN**

14.     Congress enacted the FDCPA upon finding that debt collection abuse by third party debt collectors was a widespread and serious national problem. *See* S. Rep. No. 95-382, at 2 (1977), *reprinted in* U.S.C.C.A.N. 1695, 1696; 15 U.S.C § 1692(a).

15.     The purpose of the FDCPA is to protect consumers from deceptive or harassing actions taken by debt collectors, with the aim of limiting the suffering and anguish often inflicted by independent debt collectors. *Kropelnicki v. Siegel*, 290 F.3d 118, 127 (2d Cir. 2002); *Russell v. Equifax A.R.S.*, 74 F.3d 30, 34 (2d Cir. 1996).

16.     To further these ends, "the FDCPA enlists the efforts of sophisticated consumers ... as 'private attorneys general' to aid their less sophisticated counterparts, who are unlikely themselves to bring suit under the Act, but who are assumed by the Act to benefit from the deterrent effect of civil actions brought by others." *Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 91 (2d Cir. 2008).

2

17.    As such, the circumstances of the particular debtor in question have no bearing as to the question of whether there has been a violation of the FDCPA. *See Easterling v. Collecto, Inc.*, 692 F.3d 229, 234 (2d Cir. 2012). Indeed, it is not necessary for a plaintiff to show that he or she was confused by the communication received. *Jacobson*, 516 F.3d at 91. Likewise, the plaintiff consumer's actions or inaction in response to a communication from a debt collector are irrelevant. *Thomas v. Am. Serv. Fin. Corp.*, 966 F. Supp. 2d 82, 90 (E.D.N.Y. 2013).

18.    Instead, "the test is how the least sophisticated consumer—one not having the astuteness of a 'Philadelphia lawyer' or even the sophistication of the average, everyday, common consumer—understands the notice he or she receives." *Russell*, 74 F.3d at 34.

19.    If a debt collector's communication is "reasonably susceptible to an inaccurate reading" by the least sophisticated consumer, it violates the FDCPA. *DeSantis v. Computer Credit, Inc.*, 269 F.3d 159, 161 (2d Cir. 2001). Similarly, a communication violates the FDCPA if it is "open to more than one reasonable interpretation, at least one of which is inaccurate," or if the communication "would make the least sophisticated consumer uncertain as to her rights." *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993); *Jacobson*, 516 F.3d at 90.

20.    The FDCPA is a strict liability statute, and a debt collector's intent may only be considered as an affirmative defense. 15 U.S.C. § 1692k(c); *Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 135 (2d Cir. 2010). Likewise, "the degree of a defendant's culpability may only be considered in computing damages." *Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60, 63 (2d Cir. 1993). A single violation of the FDCPA to establish civil liability against the debt collector. *Id.*

## ALLEGATIONS SPECIFIC TO PLAINTIFF

21.    Defendant alleges Plaintiff owes a debt ("the alleged Debt").

22.    The alleged Debt is an alleged obligation of Plaintiff to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

23.    The alleged Debt does not arise from any business enterprise of Plaintiff.

24.    The alleged Debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

25.    At an exact time known only to Defendant, the alleged Debt was assigned or otherwise transferred to Defendant for collection.

26.     At the time the alleged Debt was assigned or otherwise transferred to Defendant for collection, the alleged Debt was in default.

27.     In its efforts to collect the alleged Debt, Defendant contacted Plaintiff by letter ("the Letter") dated August 22, 2018. (A true and accurate copy is annexed hereto as **"Exhibit 1."**)

28.     The Letter conveyed information regarding the alleged Debt.

29.     The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

30.     The Letter was the initial written communication Plaintiff received from Defendant concerning the alleged Debt.

31.     The Letter was received and read by Plaintiff.

32.     15 U.S.C. § 1692g protects Plaintiff's concrete interests.  Plaintiff has the interest and right to receive a clear, accurate and unambiguous validation notice, which allows a consumer to confirm that he or she owes the debt sought to be collected by the debt collector.  As set forth herein, Defendant deprived Plaintiff of this right.

33.     15 U.S.C. § 1692e protects Plaintiff's concrete interests.  Plaintiff has the interest and right to be free from deceptive and/or misleading communications from Defendant.  As set forth herein, Defendant deprived Plaintiff of this right.

34.     The deprivation of Plaintiff's rights will be redressed by a favorable decision herein.

## FIRST COUNT
### Violation of 15 U.S.C. §§ 1692g(b)

35.     Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

36.     15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

37.     15 U.S.C. § 1692g(a)(1) provides that the written notice must contain the amount of the debt.

38.     15 U.S.C. § 1692g(a)(2) provides that the written notice must contain the name of the creditor to whom the debt is owed.

4

39.     15 U.S.C. § 1692g(a)(3) provides that the written notice must contain a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

40.     15 U.S.C. § 1692g(a)(4) provides that the written notice must contain a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector

41.     15 U.S.C. § 1692g(a)(5) provides that the written notice must contain a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

42.     A debt collector has the obligation, not just to convey the required information, but also to convey such clearly.

43.     Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed or contradicted by other language in the communication.

44.     Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed by other collection activities during the 30-day validation period following the communication.

45.     15 U.S.C. § 1692g(b) provides that collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

46.     A collection activity or communication overshadows or contradicts the validation notice if it would make the least sophisticated consumer uncertain or confused as to her rights.

47.     The Letter is on the letterhead of "The Law Offices of M.L. Zager, P.C."

48.     The Letter contains a list of the Defendant's firm's attorneys and states that, "The above account has been referred to this law office for collection by our client, noted above."

49.     The least sophisticated consumer would likely assume that a law firm's letterhead on a collection letter means that the letter is from the law firm.

50.     The least sophisticated consumer would likely assume that a law firm's letterhead on a collection letter means that the alleged Debt was assigned to the law firm.

51.     The least sophisticated consumer would likely assume that a law firm's letterhead on a collection letter means that the letter is from an attorney.

52.     The least sophisticated consumer would likely assume that the attorney has been genuinely involved in the review of Plaintiff's alleged Debt prior to the letter being sent.

53.     The least sophisticated consumer would likely assume that the attorney has been meaningfully involved in the review of Plaintiff's alleged Debt prior to the letter being sent.

54.     The least sophisticated consumer would likely assume that the attorney has been personally involved in the review of Plaintiff's alleged Debt prior to the letter being sent.

55.     The least sophisticated consumer would likely assume that the attorney determined that the letter should be sent.

56.     As such, the least sophisticated consumer would likely feel threatened.

57.     As such, the least sophisticated consumer would likely feel intimidated.

58.     As such, the least sophisticated consumer would likely believe he or she would be sued by Defendant.

59.     As such, the least sophisticated consumer would likely believe he or she would be sued by a law firm acting as a debt collector.

60.     As such, the least sophisticated consumer would likely believe he or she would be sued by Defendant if he or she did not pay the debt.

61.     The Letter fails to advise that the fact the alleged Debt was assigned to a law firm does not override the Plaintiff's right to dispute the alleged Debt.

62.     The Letter fails to advise that the fact the alleged Debt was assigned to a law firm does not override the Plaintiff's right to request validation of the alleged Debt.

63.     The Letter fails to advise that the fact the alleged Debt was assigned to a law firm does not override the Plaintiff's right to request the name and address of the original creditor.

64.     As such, the least sophisticated consumer would likely feel would likely believe he or she would be sued by Defendant if he or she exercised his or her validation rights.

65.     As such, the least sophisticated consumer could reasonably interpret the Letter to mean that even if she exercises her validation rights, she could nevertheless be subject to legal action.

66.    As such, the least sophisticated consumer could reasonably interpret the Letter to mean that even if she exercises her validation rights, she could nevertheless be subject to legal action even during the verification process.

67.    As a result of the foregoing, the Letter would likely discourage the least sophisticated consumer from exercising her right to dispute the alleged Debt in violation of 15 U.S.C. § 1692g(b).

68.    As a result of the foregoing, the Letter would likely discourage the least sophisticated consumer from exercising her right to request validation of the alleged Debt in violation of 15 U.S.C. § 1692g(b).

69.    As a result of the foregoing, the Letter would likely discourage the least sophisticated consumer from exercising her right to request the name and address of the original creditor in violation of 15 U.S.C. § 1692g(b).

70.    As a result of the foregoing, the least sophisticated consumer would likely be confused as to her rights in violation of 15 U.S.C. § 1692g(b).

71.    As a result of the foregoing, the least sophisticated consumer would likely be uncertain as to her rights in violation of 15 U.S.C. § 1692g(b).

72.    As a result of the foregoing, the Letter overshadows the disclosure of the consumer's right to dispute the alleged Debt in violation of 15 U.S.C. § 1692g(b).

73.    As a result of the foregoing, the Letter overshadows the disclosure of the consumer's right to request validation of the alleged Debt in violation of 15 U.S.C. § 1692g(b).

74.    As a result of the foregoing, the Letter overshadows the disclosure of the consumer's right to request the name and address of the original creditor in violation of 15 U.S.C. § 1692g(b).

75.    As a result of the foregoing, the Letter is inconsistent with the disclosure of the consumer's right to dispute the alleged Debt in violation of 15 U.S.C. § 1692g(b).

76.    As a result of the foregoing, the Letter is inconsistent with the disclosure of the consumer's right to request validation of the alleged Debt in violation of 15 U.S.C. § 1692g(b).

77.    As a result of the foregoing, the Letter is inconsistent with the disclosure of the consumer's right to request the name and address of the original creditor in violation of 15 U.S.C. § 1692g(b).

78.      For the foregoing reasons, Defendant violated 15 U.S.C. § 1692g(b) and is liable to Plaintiff therefor.

## SECOND COUNT
## Violations of 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(3) and 1692e(10)

79.      Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

80.      15 U.S.C. § 1692e provides, generally, that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

81.      15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

82.      15 U.S.C. § 1692e(3) prohibits a debt collector from using the false representation or implication that any individual is an attorney or that any communication is from an attorney.

83.      15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

84.      A debt collection practice can be a "false, deceptive, or misleading" practice in violation of 15 U.S.C. § 1692e even if it does not fall within any of the subsections of 15 U.S.C. § 1692e. *Clomon*, 988 F.2d at 1318.

85.      A collection letter violates 15 U.S.C. § 1692e if, in the eyes of the least sophisticated consumer, it is open to more than one reasonable interpretation, at least one of which is inaccurate. *Clomon*, 988 F.2d at 1319.

86.      A collection letter also violates 15 U.S.C. § 1692e if it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer.  *DeSantis*, 269 F.3d at 161.

87.      The Letter is on the letterhead of "The Law Offices of M.L. Zager, P.C."

88.      The Letter contains a list of the Defendant's firm's attorneys and states that, "The above account has been referred to this law office for collection by our client, noted above."

89.      The least sophisticated consumer would likely assume that a law firm's letterhead on a collection letter means that the letter is from the law firm.

90.      The least sophisticated consumer would likely assume that a law firm's letterhead on a collection letter means that the alleged Debt was assigned to the law firm.

91.      The least sophisticated consumer would likely assume that a law firm's letterhead on a collection letter means that the letter is from an attorney.

92.     The least sophisticated consumer would likely assume that the attorney has been genuinely involved in the review of Plaintiff's alleged Debt prior to the letter being sent.

93.     The least sophisticated consumer would likely assume that the attorney has been meaningfully involved in the review of Plaintiff's alleged Debt prior to the letter being sent.

94.     The least sophisticated consumer would likely assume that the attorney has been personally involved in the review of Plaintiff's alleged Debt prior to the letter being sent.

95.     The least sophisticated consumer would likely assume that the attorney determined that the letter should be sent.

96.     As such, the least sophisticated consumer would likely feel threatened.

97.     As such, the least sophisticated consumer would likely feel intimidated.

98.     As such, the least sophisticated consumer would likely believe he or she would be sued by Defendant.

99.     As such, the least sophisticated consumer would likely believe he or she would be sued by a law firm acting as a debt collector.

100.    As such, the least sophisticated consumer would likely believe he or she would be sued by Defendant if he or she did not pay the debt.

101.    However, no attorney with Defendant sent the Letter to Plaintiff.

102.    No attorney with Defendant was genuinely involved in the review of Plaintiff's alleged Debt prior to the Letter being sent to Plaintiff.

103.    No attorney with Defendant was meaningfully involved in the review of Plaintiff's alleged Debt prior to the Letter being sent to Plaintiff.

104.    No attorney with Defendant was personally involved in the review of Plaintiff's alleged Debt prior to the Letter being sent to Plaintiff.

105.    The Letter's signature block states "M.L. ZAGER, P.C.," but is unsigned.

106.    The Letter misleads consumers into believing that there was meaningful attorney involvement in the collection of the debt.

107.    The least sophisticated consumer would likely be misled to believe that an attorney was genuinely involved in the review of Plaintiff's alleged Debt prior to the Letter being sent to Plaintiff.

108.    The least sophisticated consumer would likely be misled to believe that an attorney was meaningfully involved in the review of Plaintiff's alleged Debt prior to the Letter being sent to Plaintiff.

109.    The least sophisticated consumer would likely be misled to believe that an attorney was personally involved in the review of Plaintiff's alleged Debt prior to the Letter being sent to Plaintiff.

110.    The least sophisticated consumer would likely be misled to believe that an attorney determined that the letter should be sent.

111.    Defendant's conduct is a false representation made in connection with the collection of the alleged Debt in violation of 15 U.S.C. § 1692e.

112.    Defendant's conduct is a deceptive representation made in connection with the collection of the alleged Debt in violation of 15 U.S.C. § 1692e.

113.    Defendant's conduct is a false representation of the legal status of the alleged Debt in violation of 15 U.S.C. § 1692e(2)(A).

114.    Defendant's conduct is a false representation that the Letter was from an attorney in violation of 15 U.S.C. § 1692e(3).

115.    Defendant's conduct is a false implication that the Letter was from an attorney in violation of 15 U.S.C. § 1692e(3).

116.    Defendant's conduct is a false representation made in an attempt to collect the alleged Debt in violation of 15 U.S.C. § 1692e(10).

117.    Defendant's conduct is a is a deceptive means in an attempt to collect the alleged Debt in violation of  15 U.S.C. § 1692e(10).

118.    For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(3) and 1692e(10) and is liable to Plaintiff therefor.

## CLASS ALLEGATIONS

119.    Plaintiff brings this action individually and as a class action on behalf of all persons similarly situated in the State of New York.

120.    Plaintiff seeks to certify a class of:

> All consumers to whom Defendant sent a collection letter substantially and materially similar to the Letter sent to Plaintiff, which letter was sent on or after a date one year prior to the filing of

this action to the present.

121.    This action seeks a finding that Defendant's conduct violates the FDCPA, and asks that the Court award damages as authorized by 15 U.S.C. § 1692k.

122.    The Class consists of more than thirty-five persons.

123.    Plaintiff's claims are typical of the claims of the Class.  Common questions of law or fact raised by this action affect all members of the Class and predominate over any individual issues.  Common relief is therefore sought on behalf of all members of the Class.  A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

124.    The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

125.    Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class is not extraordinarily difficult, and the factual and legal issues raised by this action will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof.  Moreover, Plaintiff has retained counsel experienced in actions brought under consumer protection laws.

## JURY DEMAND

126.    Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment be entered:

    a.    Certifying this action as a class action; and

    b.    Appointing Plaintiff as Class Representative and Plaintiff's attorneys as Class Counsel;

c.  Finding Defendant's actions violate the FDCPA; and

d.  Granting damages against Defendant pursuant to 15 U.S.C. § 1692k; and

e.  Granting Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

f.  Granting Plaintiff's costs; all together with

g.  Such other relief that the Court determines is just and proper.

DATED: August 19, 2019

**BARSHAY SANDERS, PLLC**

By: _/s/ *Craig B. Sanders*
Craig B. Sanders, Esquire
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
csanders@barshaysanders.com
*Attorneys for Plaintiff*
Our File No.: 117771